IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JESUS EDEN GARCIA,            §
                             §
            Petitioner,       §
                             §
v.                           §        No. 3:19-cv-02389-M (BT)
                             §
DIRECTOR, TDCJ-CID,          §
                             §
            Respondent.       §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Jesus Eden Garcia, a Texas prisoner, filed a *pro se* petition for a writ
of habeas corpus under 28 U.S.C. § 2254. The District Court referred the
petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b)
and a standing order of reference. For the following reasons, the District
Court should DISMISS Garcia's petition.

## Background

Garcia was charged by indictment with continuous sexual abuse of a
child under fourteen in Dallas County, Texas. *See State of Texas v. Garcia*,
Case Number F-1351340-X (Crim. Dist. Ct. No. 6, Dallas Cty., Tex.). The trial
court found him guilty as charged and sentenced him to twenty-five years'
imprisonment. *See Garcia v. Davis*, 2019 WL 2374211, at *1 (N.D. Tex. May
21, 2019), *rec. adopted* 2019 WL 2373329 (N.D. Tex. June 5, 2019)
(dismissing the § 2254 petition without prejudice as unexhausted). The

Texas Fifth Court of Appeals affirmed his conviction and sentence,[1] *See Garcia v. State*, 05-17-00356-CR, slip op. (Tex. App.—Dallas 2018, pet. ref'd), and the Texas Court of Criminal Appeals (CCA) refused his petition for discretionary review, *Garcia v. State*, Number PD-0406-18 (Tex. Crim. App. 2018). The CCA also denied his application for a state writ of habeas corpus without a written order.

Thereafter, Garcia filed his § 2254 petition (ECF No. 3) in this Court, setting forth the following claims:

1. His appellate attorney, Lawrence B. Mitchell, provided ineffective assistance of counsel when he:

    a. filed an *Anders* brief that referred to Garcia's appeal as frivolous,[2] and failed to deliver the correct trial transcript; and

    b. addressed issues in his *Anders* brief that constituted a vexatious delay where there were stronger issues to raise.

2. His trial attorney, Xavier Duran, provided ineffective assistance of counsel when he:

    a. failed to prepare a defense;

    b. failed to investigate medical and psychological evidence that would have produced exculpatory evidence; and

---

[1] On appeal, the court modified Garcia's judgment to reflect the Honorable Don Adams was the presiding judge at trial, and the State was represented by attorney Reynie Tinajero. *See Garcia v. State*, 05-17-00356-CR, slip op. (Tex. App.—Dallas 2018, pet. ref'd).

[2] *Anders v. California*, 386 U.S. 738, 745 (1967).

  c. coerced Garcia into waiving his right to a jury trial and proceeding with a bench trial.

 3. His rights were violated when:

  a. Duran provided ineffective assistance of counsel by failing to request service of process for known exculpatory evidence under Texas' Michael Morton Act;

  b. The State suppressed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963);

  c. The trial court denied his Chapter 64 (DNA) motion;

  d. Duran provided ineffective assistance of counsel when he failed to investigate the victim's father's trial for the same offense Garcia was convicted of; and

  e. Duran provided ineffective assistance of counsel by failing to impeach the medical testimony.

  Respondent argues that the Court should dismiss Garcia's Chapter 64 (DNA) claim, deny the remaining claims, dismiss the petition with prejudice, and deny a certificate of appealability. Garcia filed a reply and, with permission, he also submitted supplemental material to support his claims. (ECF No. 32.)

## Legal Standards

  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, provides:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U. S. C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

## Analysis

A. <u>Ineffective Assistance of Trial Counsel (claims 2a, 2b, 2c, 3a, 3d, and 3e)</u>

Garcia argues that his trial attorney, Duran, provided ineffective assistance of counsel when he: failed to prepare a defense (claim 2a); failed to investigate medical and psychological evidence that would have produced exculpatory evidence (claim 2b); coerced Garcia into waiving his right to a

4

jury trial and proceeding with a bench trial (claim 2c); failed to request service of process for known exculpatory evidence under Texas' Michael Morton Act (claim 3a); failed to investigate the victim's father's trial for the same offense Garcia was convicted (claim 3d); and failed to impeach the medical testimony (claim 3e). Pet. 7 (ECF No. 3).

To succeed on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 689. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting

"conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

"[T]he test for federal habeas purposes is not whether [an inmate] made that showing [required by *Strickland*]. Instead, the test is whether the state court's decision—that [the inmate] did not make the *Strickland*-showing—was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim." *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003); *Charles v. Thaler*, 629 F.3d 494, 501 (5th Cir. 2011) (citing *Schaetzle*, 343 F.3d at 444); *see also* 28 U.S.C. § 2254(d)(1). When the state court has adjudicated the claims on the merits, a federal court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

    1.  <u>Failure to Prepare and Investigate (claims 2a, 2b and 3d)</u>

Garcia argues that Duran provided ineffective assistance of counsel when he failed to prepare a defense, failed to investigate medical and

psychological evidence that would have produced exculpatory evidence, and failed to investigate the victim's father's trial for the same offense for which Garcia was convicted. Pet 7 (ECF No. 3). As discussed below, Garcia's claims fail because they are conclusory and are also legally insufficient.

Attorneys have a duty to investigate the charges and evidence against their clients. *See Strickland*, 466 U.S. at 690-91. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citing *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985)); *see also United States v. Bernard*, 762 F.3d 467, 477 (5th Cir. 2014) (citing *Druery v. Thaler*, 647 F.3d 535, 541 (5th Cir. 2011)). "[I]n a guilty plea scenario, a [movant] must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *Armstead*, 37 F.3d at 206 (citing *Hill*, 474 U.S. at 52).

Garcia contends that Duran failed to properly investigate his case, but his claims are legally insufficient. For instance, he fails to allege with specificity what a proper investigation would have revealed and how it would have impacted the outcome of his trial. *See Green*, 882 F.2d at 1003. Moreover, the record demonstrates that Duran had a viable trial strategy, which appears to have been to refute the victim's allegations, demonstrate Garcia's innocence, and hold the State to its burden of proof. *See* (ECF No.

7

14-8). At trial, Duran cross-examined the victim's therapist. *Id.* at 96-99. He

called and questioned Garcia's niece (*id.* at 99-103), and the victim's mother

(*id.* at 103-106). Garcia also took the stand on his own behalf. *Id.* at 107-117

Under *Strickland*, a court's review of counsel's performance should be

"highly deferential." 466 U.S. at 698. This is so because "[i]t is all too

tempting for a defendant to second-guess counsel's assistance after

conviction or adverse sentence[.]" *Id.* at 689. And "[g]iven the almost

infinite variety of possible trial techniques and tactics available to counsel,

this Circuit is careful not to second guess legitimate strategic choices."

*Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *see also United States

v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021). Therefore, Garcia has failed to

demonstrate that Duran provided deficient performance under *Strickland*,

and the Court need not address prejudice. *See Amos v. Scott*, 61 F.3d 333,

348 (5th Cir. 1995) ("[A] court need not address both prongs of the

conjunctive *Strickland* standard, but may dispose of such a claim based

solely on a petitioner's failure to meet either prong of the test."); *see also

Okechuku v. United States*, 2021 WL 2690091, at *9 (N.D. Tex. June 14,

2021) (same), *rec. adopted*, 2021 WL 2685283 (N.D. Tex. June 30, 2021).

These ineffective assistance of counsel claims also fail because they

are conclusory. Each of these claims lack the necessary facts and specificity

of detail for this Court to properly address them. Although *pro se* filings are

liberally construed, this does not mean the court must develop the

arguments on behalf of the litigant. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue.") (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . [and] mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (noting that where a habeas petitioner fails to brief an argument adequately, it is considered waived) (citing *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). If for no other reason, these claims should be dismissed on the basis that they are conclusory.

Finally, the state habeas court's decision on these ineffective assistance of counsel claims was reasonable. The state habeas court rejected these claims, and the state habeas court's decision was not contrary to, nor did it involve an unreasonable application of, clearly-established federal law, as determined by the Supreme Court. Moreover, Garcia has not overcome the "doubly" deferential standard in favor of the denial by the state court.

*See Woods*, 136 S. Ct. at 1151; *see also Cullen*, 563 U.S. at 190. Therefore, Garcia's claims should be denied. *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (finding that the petitioner's ineffective assistance of counsel claim failed under the "doubly deferential judicial review" applicable to a *Strickland* claim evaluated under § 2254(d)(1)).

    2. Coercion of Jury Waiver (claim 2c)

Next, Garcia argues that his trial attorney, Duran, coerced him into waiving his right to a jury trial and proceeding with a bench trial. Pet. 7 (ECF No. 3). This claim fails because it is conclusory and also lacks merit.

This claim is so conclusory that it is legally insufficient. Garcia's bare allegation that Duran coerced him into waiving his right to a jury trial is not enough to state a claim under *Strickland*. For this reason alone, the court should deny this claim. *See Miller*, 200 F.3d at 282 ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.") (citing *Ross*, 694 F.2d at 1012); *see also Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002).

This ineffective assistance of counsel claim also fails on the merits. Contrary to Garcia's bare allegation that Duran coerced him into waiving his right to a jury trial, the record demonstrates that he voluntarily waived his right to a jury trial. Clerk's R. 17 (ECF No. 14-5). Moreover, a defense attorney's decision to recommend a bench trial to his client "is the type of

act for which *Strickland* requires that judicial scrutiny be highly deferential. Overturning defendant's conviction on the basis of such an act does not reflect a sufficient degree of deference to counsel's judgments." *Green v. Lynaugh*, 868 F.2d 176, 178 (5th Cir. 1989); *see Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."); *see also Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998) (observing the Fifth Circuit Court of Appeals "gives great deference to counsel's assistance, strongly presuming that counsel has exercised reasonable professional judgment") (citation omitted).

Garcia has failed to overcome the strong presumption in favor of finding that Duran provided adequate assistance, and the challenged conduct was the result of reasoned trial strategy. *See Strickland*, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'") (citation omitted). Therefore, Garcia has not demonstrated that Duran provided deficient performance under *Strickland*. Moreover, even if Garcia had shown deficient performance, he has failed to demonstrate the requisite prejudice. *See Bower v. Quarterman*, 497 F.3d 459, 466 (5th Cir. 2007) (a petitioner attempting to prevail on an ineffective assistance of counsel claim under *Strickland* must demonstrate both prongs: deficient performance and

prejudice). Specifically, Garcia has not shown that without Duran's deficient performance, the outcome of his trial would have been different. *See Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) ("To demonstrate prejudice under *Strickland*, [the petitioner] must show that counsel's deficient performance was 'so serious as to deprive [him] of a fair trial, a trial whose result is reliable.'") (quoting *Strickland*, 466 U.S. 687). This claim fails under both prongs of the *Strickland* standard. Garcia has also failed to overcome the "doubly" deferential standard applicable to this ineffective assistance of counsel claim. *See Woods*, 136 S. Ct. at 1151; *see also Cullen*, 563 U.S. at 190. Accordingly, this claim should be denied.

  3. <u>Failure to Request Evidence (claim 3a)</u>

  Garcia argues that Duran provided ineffective assistance of counsel when he failed to request service of process for known exculpatory evidence pursuant to Texas' Michael Morton Act. Pet. 7 (ECF No. 3).

  The Michael Morton Act requires that "as soon as practicable after receiving a timely request from the defendant the state shall produce" certain categories of items in discovery. *See* Tex. Code Crim. Proc. Ann. art. 39.14(a). "The statute [ ] requires only a request, rather than a court order, to trigger the State's duty to produce discovery." *State v. Heath*, 642 S.W.3d 591, 596 (Tex. App.—Waco Feb. 16, 2022). The Michael Morton Act imposes a "much broader" duty to disclose on the State than the one under *Brady v. Maryland*, 373 U.S. 83 (1963). *Spoko v. State*, 637 S.W.3d 252, 256 (Tex.

App. –Fort Worth 2021, no pet.); *see also Watkins v. State*, 619 S.W.3d 265, 288 (Tex. Crim. App. 2021).

This ineffective assistance of counsel claim must fail because it is so conclusory that it is legally insufficient. Garcia summarily argues that his rights under the Michael Morton Act were violated, but he fails to explain exactly how his rights were violated. Pet. 7 (ECF No. 3). For example, he does not specify what allegedly exculpatory evidence Duran failed to request. *Id.* For this reason alone, his claim fails. *See Day v. Quarterman*, 566 F.3d 527, 540-41 (5th Cir. 2009) (finding that conclusory allegations are insufficient to demonstrate either deficient performance or actual prejudice under *Strickland*).

Moreover, Garcia committed the offense of conviction between January 1, 2009 and January 1, 2013.  Clerk's R. 11 (ECF No. 14-5) (arrest warrant). Thus, the conduct at issue in Garcia's case occurred prior to the Act's effective date. Therefore, the Michael Morton Act does not apply to his case.  *See Bailey v. Davis*, 2018 WL 1954841, at *10 n.4 (W.D. Tex. Apr. 24, 2018) (citing *In re State ex rel. Munk,* 448 S.W.3d 687, 691 (Tex. App.—Eastland 2014, no pet.) (finding the petitioner's claim the prosecutor failed to disclose evidence in violation of the Michael Morton Act lacked merit because his crime was committed in 2010, and the Michael Morton Act could not apply because "the changes made by the Michael Morton Act only apply to offenses committed after January 1, 2014").

In sum, this claim fails under both prongs of the *Strickland* standard. Likewise, Garcia has failed to overcome the "doubly" deferential assumption in favor of the state court denial of his claim. *See Woods*, 136 S. Ct. at 1151; *see also Cullen*, 563 U.S. at 190. Therefore, this claim should be denied.

4. <u>Failure to Impeach Medical Testimony (claim 3e)</u>

Next, Garcia argues that Duran provided ineffective assistance of counsel when he failed to impeach the medical testimony provided at trial. Pet. 7 (ECF No. 3). As discussed below, this claim fails because it is conclusory and also meritless.

This claim is so conclusory that it is legally insufficient. Specifically, Garcia fails to identify what medical evidence or testimony should have been impeached. Garcia also fails to suggest how Duran's strategy at trial of cross-examining the State's witnesses was deficient performance. The record demonstrates that Duran cross-examined the victim's therapist. Reporter's R. 96-98 (ECF No. 14-8). This ineffective assistance of counsel claim is conclusory, and for this reason alone, it should be denied.

Moreover, Garcia fails to overcome the strong presumption in favor of finding that Duran rendered adequate assistance, and the challenged conduct was the result of reasoned trial strategy. *See Strickland*, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances,

the challenged action "might be considered sound trial strategy.") (citation omitted). Garcia also fails to meet his burden of demonstrating that he was prejudiced, and the result of his trial would have been different. *Id.* at 694 (To demonstrate prejudice under *Strickland*, a movant must show that there is a reasonable probability that the outcome of his trial would have been different without the deficient performance.); *see also Coleman v. Vannoy*, 963 F.3d 429, 433 (5th Cir. 2020) (noting that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome") (quoting *Harrington v. Richter*, 562 U.S. 86, 104 (2011)). Finally, Garcia has failed to overcome the "doubly" deferential assumption in favor of the state court denial of his claim. *See Woods*, 136 S. Ct. at 1151; *see also Cullen*, 563 U.S. at 190. Consequently, this ineffective assistance of counsel claim should be denied.

B. Ineffective Assistance of Appellate Counsel (claims 1a and 1b)

Garcia further argues that his appellate attorney, Mitchell, provided ineffective assistance of counsel when he filed an *Anders* brief (claim 1a) that addressed certain meritless issues and resulted in a vexatious delay of the proceedings because there were stronger issues to raise (claim 1b). Pet. 6 (ECF No. 3). He further argues that Mitchell failed to deliver the trial transcripts to him. *Id.*

A defendant is entitled to effective assistance of counsel on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 394 (1985). "For although . . .

indigents generally have a right to counsel on a first appeal as of right, it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." *Smith v. Robbins*, 528 U.S. 259, 278 (2000) (footnote omitted) (citing *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 436-38 (1988)). The proper standard for evaluating a claim that appellate counsel was ineffective is the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Smith*, 528 U.S. at 285; *see also Blanton v. Quarterman*, 543 F.3d 230, 240 (5th Cir. 2008) ("In reviewing a claim alleging ineffective assistance of appellate counsel we apply the traditional *Strickland* standard."). When an ineffective assistance of counsel claim is based on the failure to raise certain issues on direct appeal, courts have refused to find the attorney ineffective when the proposed issues are meritless. *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981); *see also Hooks v. Roberts*, 480 F.2d 1196, 1197 (5th Cir. 1974). An attorney is not required to consult with his client about the legal issues to be presented on appeal. *Hooks*, 480 F.2d at 1197. To demonstrate prejudice in the context of an appellate counsel claim, a petitioner must show a reasonable probability that he would have prevailed on his appeal. *Smith*, 528 U.S. at 285.

Garcia must demonstrate prejudice under *Strickland*, but he has failed to allege, much less demonstrate, that if Mitchell had raised a specific

proposed claim, he would have been successful in his appeal. *See* Pet. 6 ([ECF No. 3](#)).

On appeal, Mitchell filed a brief in which he raised twelve potential issues and then explained why each lacked merit or did not alter the outcome of Garcia's case. Appellant's Br. ([ECF No. 14-9](#).) He concluded that "[a]fter full review of the appellate record, appellate counsel is of the opinion that there are no arguable issues that could be presented." Appellant's Br. 10 ([ECF No. 14-9](#)). The Texas Fifth Court of Appeals found that this brief met "the requirements of *Anders v. California*, 386 U.S. 738 (1967)," and ultimately agreed that Garcia's appeal was frivolous and without merit. Mem. Op. 1-2 ([ECF No. 14-3](#)) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (explaining appellate counsel and the court's duty in *Anders* cases). The appellate court further concluded, "We find nothing in the record that might arguably support the appeal." *Id.*

Garcia argues that Mitchell's filing of the *Anders* brief caused a vexatious delay and amounted to deficient performance under *Strickland*. Pet. 6 ([ECF No. 3](#)). However, this argument is both conclusory and meritless. Indeed, this argument is so vague that it is legally insufficient. Garcia fails to propose any claims that should have been but were not raised on appeal. *See id.* And Garcia fails to specify what transcripts were not delivered, how this impacted his appeal, and what claims he could have brought but failed to do so due to the delay in receiving the transcripts. *See id.* In sum, these

ineffective assistance of counsel claims are so conclusory that they are legally insufficient, and for this reason alone, they should be dismissed. *See West v. Johnson*, 92 F.3d 1385, 1399 (5th Cir. 1996) ("The [habeas] petitioner must set forth specific allegations of fact, not mere conclusory allegations[.]") (quoting *Johnson v. Scott*, 68 F.3d 106, 112 (5th Cir.1995).

Garcia raised two issues in the *pro se* brief he filed on appeal: (1) suppression of evidence by the State and (2) ineffective assistance of trial counsel for failing to interview or call witnesses that would have discredited testimony provided.[3] Appellant's Br. (ECF No. 14-10). To the extent he is arguing that Mitchell should have raised these issues on direct appeal, these two claims were rejected by the state habeas court. Additionally, the record does not demonstrate that the state habeas court's decision was contrary to, or an unreasonable application of, federal law. *See* 28 U.S.C. § 2254(d)(1); *see also Bell v. Cone*, 535 U.S. 685, 693-94 (2002) (noting that the deferential review by a federal habeas court prevents a federal habeas "retrials" and ensure state-court convictions are given effect to the extent possible under the law) (*citing Williams*, 529 U.S. at 403-04). These claims fail under both prongs of the *Strickland* standard.

---

[3] Garcia also argued that Mitchell, his appellate attorney, misapplied the *Strickland* standard on appeal. Appellant's Br. 15-16 (ECF No. 14-10).

C. Brady Violation (claim 3(b))

Garcia also argues that the State suppressed exculpatory evidence in violation of *Brady*. Pet. 7 (ECF No. 3).

"To establish a *Brady* violation, a defendant must show: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the prosecution; and (3) the evidence was material." *Reeder v. Vannoy*, 978 F.3d 272, 277 (5th Cir. Oct. 20, 2020) (quoting *United States v. Glenn*, 935 F.3d 313, 319 (5th Cir. 2019) (citation omitted)). Suppressed evidence is deemed material when there is a "reasonable probability" that if the evidence had been disclosed to the defense, the outcome of the proceeding would have been different. *Id.* (quoting *Murphy v. Davis*, 901 F.3d 578, 597 (5th Cir. 2018)). A "reasonable probability" of a different outcome occurs when the suppressed evidence "undermines confidence in the outcome of the trial." *Id.* (quoting *Turner v. United States*, ___ U.S. ___, 137 S. Ct. 1885, 1893 (2017)). "Under *Brady*, the prosecution has no obligation to produce evidence or information already known to the defendant, or that could be obtained through the defendant's exercise of reasonable diligence." *Castillo v. Johnson*, 141 F.3d 218, 223 (5th Cir. 1998).

Garcia has failed to meet his burden to establish a *Brady* violation. Specifically, he has failed to state what evidence was allegedly suppressed, and he has also failed to allege how this unspecified evidence was material

to the outcome of his case. *See* Pet. 7 (ECF No. 3); *see also Reeder*, 978 F.3d at 277. To the extent that Garcia is alleging that the suppressed evidence is somehow linked to the victim's father's trial, he fails to specify what evidence was allegedly suppressed or otherwise state how that evidence would have been material to the outcome of his case. In sum, Garcia's allegations are so conclusory that they are legally insufficient. *See West*, 92 F.3d at 1399; *see also Johnson*, 68 F.3d at 112.

Garcia has also failed to overcome his burden under the AEDPA. He has not demonstrated that the CCA's denial of this claim was an unreasonable application of clearly established Supreme Court precedent. Therefore, Garcia has failed to overcome his burden, and this claim should be denied. *See* 28 U.S.C. § 2254(d)(1); *see also Bell*, 535 U.S. at 693-94.

D.    Chapter 64 Challenge (claim 3(c))

Last, Garcia challenges the state court's denial of his Chapter 64 motion for DNA testing. Pet. 7 (ECF No. 3). This claim should be dismissed because it is not cognizable on federal habeas corpus review.

Garcia's attack on the state court's denial of his Chapter 64 motion is not cognizable in a § 2254 petition. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (federal habeas review does not lie for errors of state law) (citing *Estelle v. McGuire*, 502 US 62, 67 (1991)); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); 28 U.S.C. § 2254(a) (a writ of habeas corpus in a § 2254 case lies "only on the ground that [a petitioner] is in custody in violation of

the Constitution or laws or treaties of the United States"). "An error in the application of state law by the trial court does not provide grounds for habeas relief." *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982) ("Insofar as respondents simply challenge the correctness of the self-defense instructions under Ohio law, they allege no deprivation of federal rights and may not obtain habeas relief.").

Garcia's challenge to the state court denial of his Chapter 64 motion for DNA testing is an attack on a proceeding collateral to his conviction and detention. *See Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir.1995). Moreover, this challenge raises only a question regarding his rights under state law, not federal law, and it is therefore not cognizable on federal habeas corpus. *See Sykes v. Dretke*, 2004 WL 1856826, at *8 (N.D. Tex. Aug.19, 2004), *rec. adopted* 2004 WL 2026783 (N.D. Tex. Sept. 9, 2004); *see also King v. Cockrell,* 2002 WL 31906378, at *2 n.3 (N.D. Tex. Dec. 27, 2002) (concluding that to the extent the petitioner challenged the DNA testing, it was solely an issue of state law and not cognizable on federal habeas corpus review). Accordingly, the Court should dismiss this claim because it is not cognizable on federal habeas review.

### Recommendation

The Court should DISMISS Garcia's § 2254 petition.

Signed May 23, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).