IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JESUS EDEN GARCIA, #02128847, | § § § |
| Petitioner, | § § |
| v. | §  No. 3:19-cv-02389-M-BT |
| | § |
| DIRECTOR, TDCJ-CID, | § § |
| Respondent. | § § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Jesus Eden Garcia, a Texas prisoner, has filed a "Motion For Relief From Judgment Under Rule 60(b) § 60.43" (ECF No. 51). The District Court referred the motion to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons stated, the motion should be construed as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 and TRANSFERRED to the Fifth Circuit Court of Appeals.

I.

In 2019, Garcia filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, in which he challenged his March 28, 2017 conviction for the continuous sexual abuse of a child under fourteen and resulting 25-year sentence. The undersigned magistrate judge issued findings and conclusions, recommending Garcia's petition be dismissed. FCR (ECF No.

1

35). On July 22, 2022, the District Court accepted the magistrate judge's findings and recommendation, entered judgment, and denied a certificate of appealability (COA). Ord. (ECF No. 42); J. (ECF No. 43). Garcia appealed to the Fifth Circuit Court of Appeals, but the Fifth Circuit dismissed the appeal for lack or jurisdiction. (ECF No. 50.)

Garcia filed the pending motion on June 7, 2023. (ECF No. 51.). In it, Garcia argues that the Court should "strike down [the] judgment" and "reopen [this case] pursuant to Rule 60(b)." *Id.* at 1. Specifically, Garcia argues that he is entitled to relief from judgment because he can demonstrate several instances of fraud under Rule 60(b)(4). First, Garcia contends that after his first jury was deadlocked, he was made to stand trial a second time after he was "told he was free to leave." *Id.* at 3. Second, Garcia contends that, on direct appeal, the State presented the appellate court with a "false" transcript. *Id.* at 4. Third, Garcia claims that his appellate attorney mailed him "erroneous trial transcripts[ ] and refused to correct [the] mistake." *Id.* Fourth, Garcia claims that a "false record" mainly on the "judgment of conviction" was presented to the appellate court on direct appeal. *Id.* at 6. Garcia concludes that when the judgment is void, as in this case, "the Court has really no discretion at all[,] and it must recognize that the judgment is a nullity and grant relief." *Id.* at 7 (citing *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990)).

2

Garcia also argues that there was misconduct during discovery under Federal Rule of Civil Procedure 37(b)(2). Specifically, Garcia contends that the Court issued an order to show cause, which was signed by the magistrate judge, and it directed Respondent to serve a copy of his answer and any brief on Garcia. Garcia further contends that Respondent failed to provide him with a copy of the answer and refused to respond to anything Garcia filed unless specifically ordered by the Court to do so. Garcia concludes that Respondent's "obtuse stance" amounts to "contempt of a court ORDER." *Id.* at 9.

II.

The Court evaluates a motion seeking reconsideration of a prior ruling either as a motion under Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The Court determines the applicable rule based on when the motion is filed. *Id.* If the movant filed the motion within twenty-eight days after the entry of judgment, the Court considers the motion under Rule 59, and if movant filed the motion beyond that time period, the Court analyzes it under Rule 60. *Id.* Here, Garcia filed his motion on June 7, 2023, more than ten months after the Court entered its judgment on July 22, 2022. Therefore, the Court considers Garcia's motion under Rule 60(b).

When a motion for relief from judgment seeks to advance one or more substantive habeas claims or attacks a federal court's previous resolution of a

3

claim *on the merits*, it is a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005) (concluding that a true Rule 60(b) motion challenges: (1) a procedural ruling, or (2) a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack); *see also Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that challenges the court's failure to reach the merits of the habeas petition is properly evaluated under Rule 60(b). *See Gonzalez*, 545 U.S. at 538. To the extent that the petitioner challenges the integrity of the habeas proceeding, the motion is not the equivalent of a successive petition, and the court can therefore review the claims under Rule 60(b). *Id.* at 532 & n.4; *see also Garrison v. United States*, 2021 WL 4265767, at *1 (N.D. Tex. Sept. 20, 2021). Likewise, when a motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," it is a Rule 60(b) motion. *Storey v. Lumpkin*, 8 F.4th 382, 388 (5th Cir. 2021) (quoting *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014)).

Here, Garcia makes several new challenges to his underlying criminal conviction, and "in effect, [he] asks for a second chance to have the merits determined favorably." *Preyor v. Davis*, 704 F. App'x 331, 340 (5th Cir. 2017) (per curiam) (affirming the district court's decision to treat the petitioner's Rule 60 motion as a successive petition); *see also United Stats v. Vialva*, 904

F.3d 356, 360 (5th Cir. 2018) ("[M]otions that 'in effect ask for a second chance to have the merits determined favorably' must be construed as successive habeas petitions regardless whether they are characterized as procedural attacks.") (quoting *Balentine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010)); *see also Rafiq v. United States*, 2022 WL 4360875, at *3 (N.D. Tex. Sept. 20, 2022). Because Garcia is raising new claims and seeking a "second chance" at a favorable outcome on the merits of his petition, his motion should be construed as a second or successive petition. *See United States v. Fleming*, 734 F. App'x 298, 299 (5th Cir. 2018) (per curiam) ("A Rule 60(b) motion raising new substantive claims or attacking the merits-based resolution of prior § 2255 claims should be construed as a successive § 2255 motion.") (citing *Gonzalez*, 545 U.S. at 529-31).

A state prisoner is entitled to one opportunity to bring a federal habeas challenge to their conviction. *See Magwood v. Patterson*, 561 U.S. 320, 333-34 (2010); *see also Welch v. Lumpkin*, 2021 WL 6205503, at *2 (N.D. Tex. Nov. 19, 2021), *rec. adopted* 2022 WL 19687 (N.D. Jan. 3, 2022). After that, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive petition under § 2254. AEDPA, Publ. L. 104-132, 110 Stat. 1214 (1996); *see also Garrett v. Director, TDCJ-CID*, 2021 WL 6065962, at *1 (N.D. Tex. Nov. 8, 2021), *rec. adopted* 2021 WL 6063113 (N.D. Tex. Dec. 20, 2021). A claim presented in a second or successive § 2254 petition that was

not presented in a prior petition should be dismissed unless the petitioner can present: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files his second or successive petition in this Court, a three-judge panel of the Fifth Circuit must find that he has made the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B) (stating that before filing a second or successive petition, a petitioner must receive authorization from the court of appeals).

The Fifth Circuit has not issued an order authorizing this Court to consider Garcia's second or successive petition, and he must obtain such authorization before filing this second or successive § 2254 petition. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (stating the AEDPA serves as a "gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction").

## Conclusion

The Court should construe Garcia's motion (ECF No. 51) as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 and TRANSFER it to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed September 12, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn, 474 U.S. 140, 150 (1985)*. Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)* (en banc).